

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE LEFKOW**

# 06CR0333

**MAGISTRATE JUDGE ASHMAN**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. _____ |
| v. | ) | Violation: Title 18, United States |
| | ) | Code, Sections 1029(a)(2), 1029(b)(2) and 2. |
| CHRISTOPHER WILLIAMS, | ) | |
| TIMOTHY DAVIS, | ) | |
| MICHAEL WHITING, and | ) | |
| PRENTIS GIBSON | ) | |

**FILED**

MAY 0 9 2006 WH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The SPECIAL FEBRUARY 2005-1 GRAND JURY charges:

1.    At times material to this indictment:

    a.    Discover Financial Services, Inc. ("Discover") issued credit cards that could be used to make purchases at various business throughout the United States and elsewhere that had an agreement with Discover to accept its credit cards. Discover credit cards could also be used to: (i) obtain a cash advance charged against the line of credit on a customer's credit card; and/or (ii) transfer a balance from other credit cards to a customer's Discover credit card. Discover engaged in interstate commerce.

    b.    TIMOTHY DAVIS was employed by Discover at its Phoenix, Arizona Operations Center as a marketing services representative. As a marketing services representative, DAVIS had access to Discover customers' credit card accounts.

    c.    A Discover credit card customer could authorize additional persons to use his Discover credit card, and Discover would issue a Discover credit card in the names of the additional persons. Discover issued the additional cards only after the customer provided a three digit code on the back of the credit card or answered a series of security questions regarding the customer's personal information. Discover mailed the additional cards to the address provided by the customer. Discover mailed the additional credit cards via the United States Mail from a service center located either in Memphis, Tennessee or Salt Lake City, Utah.

      d.      Discover also would issue a replacement credit card to a customer, at the customer's request, and would mail the replacement card to an address provided by the customer. Discover issued the replacement cards and mailed them to new addresses only after the customer provided a three digit code on the back of the credit card or answered a series of security questions. Discover mailed the replacement cards via the United States mail from a service center located either in Memphis, Tennessee or Salt Lake City, Utah.

      e.      When Discover received a customer request to cancel his credit card, Discover placed the credit card in retention, meaning that the customer file would remain open for a period of ninety days. During the ninety day retention period, the customer could reopen the account without having to fill out a new application. In order to reopen the account, the customer would have to provide Discover with a three digit code on the back of the credit card or answer a series of security questions.

      2.      Beginning in approximately March 2003 and continuing until approximately May 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHRISTOPHER WILLIAMS,<br>
TIMOTHY DAVIS<br>
MICHAEL WHITING, and<br>
PRENTIS GIBSON

defendants herein, conspired with each other, and with persons unknown to the Grand Jury, to knowingly and with intent to defraud traffic in and use unauthorized access devices and by such conduct obtain property of a value aggregating at least $1,000 in a one-year period, in violation of Title 18, United States Code, Section 1029(a)(2).

      3.      It was part of the conspiracy that defendant DAVIS used his employment at Discover to fraudulently obtain Discover credit card account information for numerous Discover customers, including Victim A, Victim B, Victim C, Victim D, Victim E, Victim F, and Victim G.

      4.      It was further part of the conspiracy that DAVIS provided the fraudulently obtained Discover credit card information to persons unknown to the Grand Jury.

      5.      It was further part of the conspiracy that persons unknown to the Grand Jury contacted

2

Discover, pretending to be authorized credit card account holders, and used the fraudulently obtained Discover credit card information to have Discover change the names and mailing addresses on numerous Discover credit card accounts.

6.     It was further part of the conspiracy that defendants WILLIAMS and DAVIS, and other persons unknown to the Grand Jury, recruited defendants WHITING, GIBSON and others unknown to the Grand Jury to participate in the conspiracy.

7.     It was further part of the conspiracy that defendants WHITING and GIBSON used fraudulently obtained Discover credit cards obtained for them by defendants WILLIAMS and DAVIS, and other persons unknown to the Grand Jury, to make unauthorized credit card purchases and receive unauthorized cash advances.

8.     It was further part of the conspiracy that in exchange for making unauthorized credit card purchases and receiving unauthorized cash advances, defendants WHITING and GIBSON were allowed to retain a portion of the goods purchased and cash obtained.

9.     It was further part of the conspiracy that defendant WILLIAMS and others unknown to the Grand Jury contacted Discover, pretending to be an authorized credit card account holder, and directed Discover to issue a balance transfer check in the amount of $20,000 to Individual A's checking account at TCF Bank, under the guise that the checking account was a non-Discover credit card account with a large balance on it.

10.     It was further part of the conspiracy that Individual A, at the request of WILLIAMS and another person unknown to the Grand Jury withdrew in excess of $19,000 of the balance transfer that had fraudulently been deposited into Individual A's checking account and gave the proceeds, with the exception of approximately $3,000 which Individual kept for himself/herself, to WILLIAMS and another person unknown to the Grand Jury.

11.     It was further part of the conspiracy that defendants WILLIAMS, DAVIS, WHITING, and GIBSON did misrepresent, conceal, hide and cause to be hidden the purposes of and acts done in furtherance of the conspiracy.

3

<u>OVERT ACTS</u>

12.     In furtherance of the conspiracy and for the purpose of accomplishing its unlawful objects, defendants WILLIAMS, DAVIS, WHITING and GIBSON engaged in the following conduct, among other conduct:

a.     On or about March 21, 2003, defendant DAVIS, while employed by Discover, accessed Victim A's Discover credit card account.

b.     On or about March 30, 2003, defendant DAVIS, while employed by Discover, accessed Victim C's Discover credit card account.

c.     On or about March 10, 2003, defendant DAVIS, while employed by Discover, accessed Victim D's Discover credit card account.

d.     On or about March 11, 2003, defendant DAVIS while employed by Discover, accessed Victim E's Discover credit card account.

e.     On or about March 30, 2003, defendant DAVIS, while employed by Discover, accessed Victim F's Discover credit card account.

f.     On or about March 19, 2003, at a Trump Casino in Hammond, Indiana, defendant WHITING, at the direction of defendants WILLIAMS and DAVIS, charged approximately $6,180 to a fraudulently obtained Discover credit card.

g.     On or about April 25, 2003, at a Trump Casino in Hammond, Indiana, defendant WHITING, at the direction of defendants WILLIAMS and DAVIS, charged approximately $5,126,99 to a fraudulently obtained Discover credit card.

h.     On or about May 2, 2003, at a Foot Locker in Matteson, Illinois, defendant GIBSON charged approximately $309.74 to a fraudulently obtained Discover credit card.

      i.      On or about May 4, 2003, at a Wilson's Leather store in Matteson, Illinois, defendant GIBSON charged approximately $278.36 to a fraudulently obtained Discover credit card.

All in violation of Title 18, United States Code, Sections 1029(b)(2) and 2.

## COUNT TWO

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

1.     The Grand Jury realleges Paragraphs 1 through 12 of Count One as though fully set forth herein.

2.     From approximately March 19, 2003, and continuing through approximately April 29, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHRISTOPHER WILLIAMS,<br>
TIMOTHY DAVIS and<br>
MICHAEL WHITING

defendants herein, did knowingly and with intent to defraud traffic in and use unauthorized access devices, namely Discover credit cards, during a one year period, and by such conduct obtained things of value aggregating $1,000 or more during that period, thereby affecting interstate commerce;

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT THREE

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

1.      The Grand Jury realleges Paragraphs 1 through 12 of Count One as though fully set forth herein.

2.      From on or about May 1, 2003, and continuing through approximately May 5, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### PRENTIS GIBSON

defendant herein, and persons unknown to the Grand Jury, did knowingly and with intent to defraud traffic in and use an unauthorized access device, namely a Discover credit card, during a one year period, and by such conduct obtained things of value aggregating $1,000 or more during that period, thereby affecting interstate commerce;

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.


A TRUE BILL:


_____
FOREPERSON


_____
UNITED STATES ATTORNEY


7